**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A/ IXO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:09-cv-333 |
| | § | |
| THOMSON REUTERS, | § | |
| BLOOMBERG, L.P., FACTSET | § | |
| RESEARCH SYSTEMS INC., | § | |
| INTERACTIVE DATA CORPORATION, | § | |
| and PENSON WORLDWIDE, INC. | § | |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |
| | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Realtime Data, LLC ("Realtime Data") files this Complaint of patent infringement and states as follows:

**THE PARTIES**

1.     Plaintiff Realtime Data, doing business as IXO, is a limited liability company organized and existing under the laws of the State of New York with a principal place of business at 15 West 36th Street, New York, New York.  Realtime Data is a developer of software and hardware based data compression products, ranging from data compression cards to rack-mounted storage servers.  Realtime Data has worked with some of the largest technology companies in the world involved with the development of market data compression solutions.

2.     Upon information and belief, Defendant Thomson Reuters, (hereinafter, "Thomson Reuters") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 3 Times Square, New York, New York.

Thompson Reuters is registered to do business in the State of Texas and has one or more locations within Texas.  Thompson Reuters makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.  Thomson Reuters is qualified to do business in the State of Texas and may be served via its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas.

3.      Upon information and belief, Defendant Bloomberg, L.P. (hereinafter, "Bloomberg") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 731 Lexington Avenue, New York, New York.  Bloomberg is registered to do business in the State of Texas and has one or more locations within Texas.  Bloomberg makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.  Bloomberg is qualified to do business in the State of Texas and may be served via its registered agent The Prentice-Hall Corporation, 701 Brazos Street, Suite 1050, Austin, Texas.

4.      Upon information and belief, Defendant FactSet Research Systems Inc. (hereinafter, "FactSet") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 601 Merritt 7, Norwalk, Connecticut.  FactSet is registered to do business in the State of Texas and has one or more locations within Texas.  FactSet makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.  FactSet is qualified to do business in the State of Texas and may be served via its registered agent Brian P. Long, 111 Congress Avenue, 4th Floor, Austin, Texas.

5.      Upon information and belief, Defendant Interactive Data Corporation (hereinafter, "Interactive") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 32 Crosby Drive, Bedford, Massachusetts.  Interactive is registered to do business in the State of Texas.  Interactive makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.  Interactive is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul Street, Dallas, Texas.

6.      Upon information and belief, Defendant Penson Worldwide, Inc. (hereinafter, "Penson") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1700 Pacific Ave., Suite 1400, Dallas, Texas.  Penson is registered to do business in the State of Texas and has one or more locations within Texas.  Penson makes, sells, offers for sale, and/or uses data compression products and services in the United States and Texas, including within the Eastern District of Texas.  Penson is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 1700 Pacific Avenue, Suite 1400, Dallas, Texas.

7.      Thomson Reuters, Bloomberg, FactSet, Interactive, and Penson are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction over this action under Title 28, United States Code, §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over each of the Defendants.  The Defendants have conducted and do conduct business within the State of Texas.  The Defendants, directly or

through intermediaries (including distributors, retailers, and others) make, distribute, offer for sale, sell, advertise, and use their products in the United States and the State of Texas.

10.    On information and belief, venue in this Judicial District is proper under Title 28, United States Code, §§ 1391 and 1400(b) because Defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## FACTS

11.    U.S. Patent No. 6,624,761 ("the '761 Patent"), entitled "Content Independent Data Compression Method and System," was duly and legally issued to Plaintiff Realtime Data on September 23, 2003.  A true and correct copy of the '761 Patent is attached as Exhibit A.

12.    U.S. Patent No. 7,161,506 ("the '506 Patent"), entitled "Systems and Methods for Data Compression Such As Content Dependent Data Compression," was duly and legally issued to Plaintiff Realtime Data on January 9, 2007.  A true and correct copy of the '506 Patent is attached as Exhibit B.

13.    U.S. Patent No. 7,400,274 ("the '274 Patent"), entitled "System and Method for Data Feed Acceleration and Encryption," was duly and legally issued to Plaintiff Realtime Data on July 15, 2008.  A true and correct copy of the '274 Patent is attached as Exhibit C.

14.    U.S. Patent No. 7,417,568 ("the '568 Patent"), entitled "System and Method for Data Feed Acceleration and Encryption," was duly and legally issued to Plaintiff Realtime Data on August 26, 2008.  A true and correct copy of the '568 Patent is attached as Exhibit D.

15.    Plaintiff Realtime Data is the owner of the '761, '506, '274, and '568 patents (collectively, "Patents-in-Suit") with the right to collect damages for all relevant times, and has the right to prevent others from making, having made, using, offering for sale or selling products

or services covered by such patents, as well as the right to enforce the '761, '506, '274, and '568 patents with respect to the Defendants.

16.     On information and belief, Defendants have been and are, within this Judicial District, State, and elsewhere, using one or more data compressions products and/or systems manufactured, designed, produced, sold and/or offered for sale without license or authorization from Plaintiff Realtime Data.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 6,624,761

17.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-16, above.

18.     Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '761 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '761 Patent.

19.     Realtime Data has at all times complied with 35 U.S.C. § 287.

20.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '761 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT 7,161,506

21.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-20, above.

22.     Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '506 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '506 Patent.

23.     Realtime Data has at all times complied with 35 U.S.C. § 287.

24.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '506 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

25.     As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT 7,400,274

26.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-25, above.

27.     Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '274 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or

offering for sale, one or more data compression products and/or services, covered by at least one claim of the '274 Patent.

28.     Realtime Data has at all times complied with 35 U.S.C. § 287.

29.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '274 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

30.     As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT FOUR – INFRINGEMENT OF U.S. PATENT 7,417,568

31.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-30, above.

32.     Defendants have been and are now directing infringing, and/or indirectly infringing by inducement and/or contributing to infringement, of the '568 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the '568 Patent

33.     Realtime Data has at all times complied with 35 U.S.C. § 287.

34.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '568 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon

Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

35.    As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT FOUR – WILLFUL INFRINGEMENT

36.    Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-35, above.

37.    To the extent that facts learned in discovery show that Defendants' infringement of the Patents-in-Suit is or has been willful, Plaintiff Realtime Data reserves the right to request such a finding.

## PRAYER FOR RELIEF

38.    WHEREFORE, Realtime Data requests a judgment:

A.    That Realtime Data is the owner of all right, title and interest in and to United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568, together with all rights of recovery under such patents for past and future infringements thereof;

B.    That Defendants have infringed United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568;

C.    That United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568 are valid and enforceable in law;

D.    Awarding to Realtime Data its damages caused by Defendants' infringement of United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568 including an assessment of pre-judgment and post-judgment interest and costs;

E.    Entering a permanent injunction against Defendants, their officers, agents,

servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of United States Patents Nos. 6,624,761, 7,161,506, 7,400,274, and 7,417,568, including without limitation from continuing to make, use, sell and/or offer for sale infringing compression-based data acceleration products;

F.     That this is an exceptional case and awarding to Realtime Data its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.     In the event a permanent injunction preventing future acts of infringement is not granted, that Realtime Data be awarded a compulsory ongoing licensing fee; and

H.     Awarding to Realtime Data such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

39.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Date: July 23, 2009                     Respectfully submitted,

                                        **MCKOOL SMITH, P.C.**

                                         _/s/ Sam Baxter_____

                                        Sam Baxter
                                        Texas State Bar No. 01938000
                                        sbaxter@mckoolsmith.com
                                        104 East Houston, Suite 300
                                        Marshall, Texas 75670
                                        Telephone:  (903) 923-9000
                                        Facsimile: (903) 923-9099

                                        Robert A. Cote
                                        rcote@mckoolsmith.com
                                        Brett E. Cooper
                                        bcooper@mckoolsmith.com
                                        Benjamin J. Warlick
                                        bwarlick@mckoolsmith.com
                                        399 Park Avenue, Suite 3200
                                        New York, New York 10022
                                        Telephone: (212) 402-9400
                                        Facsimile: (212) 402-9444

                                        John M. Shumaker
                                        jshumaker@mckoolsmith.com
                                        Texas State Bar No. 24033069
                                        300 W. 6th Street, Suite 1700
                                        Austin, Texas 78701
                                        Telephone: (512) 692-8736
                                        Facsimile: (512) 692-8744

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **REALTIME DATA LLC D/B/A/ IXO**