# EXHIBIT A

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT



## INTERNAL OPERATING PROCEDURES

### TABLE OF CONTENTS

**IOP#**                    **SUBJECT**

1   INTERNAL OPERATING PROCEDURES (IOPs) AND DEFINITIONS

2   MOTION AND PETITION PRACTICE

3   MERITS PANELS - DISTRIBUTION OF BRIEFS, RECORDS, AND FILES

4   BRIEFS, APPENDICES, AND HEARINGS IN CASES INVOLVING A
      PROTECTIVE ORDER

5   RECUSAL

6   VISITING JUDGES

7   ORAL ARGUMENT

8   PANEL CONFERENCE - AUTHORING ASSIGNMENT

9   DISPOSITION OF CASES - OPINIONS AND ORDERS - VACATE,
      REVERSE, REMAND - COSTS

10  PRECEDENTIAL / NONPRECEDENTIAL OPINIONS AND ORDERS

11  UNIFORMITY OF CITATION

12  PETITIONS FOR PANEL REHEARING

**13**      **BASES FOR HEARING EN BANC OR REHEARING EN BANC**

**14**      **HEARING AND REHEARING EN BANC - DISSOLUTION OF EN BANC COURT**

**15**      **REMAND FROM SUPREME COURT**

**IOP #12**

**DATE:**       **November 14, 2008**

**SUBJECT:  PETITIONS FOR PANEL REHEARING**

In accordance with Fed. R. App. P. 26(a)(1), which states that its provisions apply in computing any period of time specified in a local rule, one must "[e]xclude the day of the act, event, or default that begins the period."  Thus, for example, when a voting deadline is seven working days in this IOP, the day that the clerk distributes the petition is excluded from the seven-day count.

    **1.**     **Distribution of petition.**

    (a)   Unless a petition expressly asks for en banc action, it will be deemed to request only rehearing by the panel.  Petitions for rehearing en banc and combined petitions for panel rehearing and for rehearing en banc are first processed as petitions under this IOP and thereafter may be processed under IOP #14.

    (b)   Promptly on receipt, the clerk will distribute the petition for rehearing to the merits panel members with a petition for panel rehearing vote sheet.  The voting deadline will be seven working days (fourteen working days between June 21 and September 11) following distribution of the petition.

    **2.**     **Voting.**

    (a)   Panel members who desire no action on a petition need do nothing.

    (b)   If the clerk does not receive a form from a panel member by the day following the deadline, that panel member will be deemed to have voted to deny the petition.

(c)   A panel member desiring action on the petition will so indicate on the petition for panel rehearing vote sheet and send it to the clerk.  Copies of the marked form will be sent to the other panel members, with an attached memorandum of reasons if desired.

**3.   Orders.**

(a)   On the day following the deadline, if the vote of the panel is to deny the petition, the clerk will forthwith prepare and issue an order if en banc action is not requested, but if en banc action is requested, the panel order denying the petition will be withheld and entered in a consolidated order disposing of the petition for rehearing en banc.

(b)   In preparing an order granting the petition, the clerk will include the action specified by the panel (oral argument; additional briefing; modification of opinion; etc.). If oral argument is ordered, the clerk will notify the chief judge.  If modification of the opinion is desired, the author of the original opinion will supply the clerk with an appropriate order.

**4.   Responses.**

(a)   When a panel wishes to grant a petition (other than to make mere language changes without change in result) the clerk will invite a response from the non-petitioning parties and will not issue the order granting the petition until seven working days (fourteen working days between June 21 and September 11) following distribution of a response.  The response will be distributed with a new petition for panel rehearing vote

sheet, with a voting deadline of seven working days (fourteen working days between June 21 and September 11) following distribution of the response.  During the period following distribution of a response, a judge may change his or her earlier vote to grant by distributing a memo to the other panel members and the clerk.   Judges who have not voted, and who continue after receipt of a response to favor denial, need do nothing.   If the invitation to respond is declined, the clerk will issue the order granting the petition.

(b)    A judge may, before the original voting deadline, direct the clerk to request a response, notifying the other panel members by a copy of his or her petition for panel rehearing vote sheet.  The original voting deadline is stayed pending receipt of the response.  A new voting deadline, seven working days (fourteen working days between June 21 and September 11) after the clerk distributes the response, will appear on the new petition for panel rehearing vote sheet accompanying the response.  If the party declines to file a response, the new date shall be seven working days after the clerk distributes a routing slip indicating no response will be filed.

**5.    In general.**

(a)    When a judge votes to grant a petition "only to make language changes attached", the clerk will withhold issuance of an order for seven additional working days, to enable other merits panel members to review those changes.  Absent contrary notice on a petition for panel rehearing vote sheet, the clerk will issue the order making the changes attached.

(b)     When a panel's action on a petition is limited to changes in the language of an original precedential opinion (without change in the result) and the panel deems the changes material, the petition for panel rehearing vote sheet and the order reflecting the changes will be circulated to the court.

(c)     When a senior judge of this court or a visiting judge served on the panel, that judge will participate in consideration and disposition of a petition.  The clerk will send two copies of the petition for panel rehearing vote sheet to a visiting judge who authored the panel's original opinion.

(d)     If the panel's action on the petition involves substitution of a precedential for an original nonprecedential opinion, the substituted opinion will be circulated to the court.

**IOP #13**

**DATE:**        **November 14, 2008**

**SUBJECT:**  **BASES FOR HEARING EN BANC OR REHEARING EN BANC**

1.      En banc consideration is required to overrule a prior holding of this or a predecessor court expressed in an opinion having precedential status.

2.      Upon the concurrence of the majority of active judges, the court will, for any appropriate reason, conduct an en banc hearing, rehearing, or reconsideration.   Judges who are recused or disqualified from participating in an en banc case are not counted as active judges for purposes of this IOP.  Among the reasons for en banc action are:

(a)     Necessity of securing or maintaining uniformity of decisions;

(b)     Involvement of a question of exceptional importance;

(c)     Necessity of overruling a prior holding of this or a predecessor court expressed in an opinion having precedential status; or

(d)     The initiation, continuation, or resolution of a conflict with another circuit.

**DATE:**      **November 14, 2008**

**SUBJECT:**  **HEARING AND REHEARING EN BANC - DISSOLUTION OF EN BANC**

In accordance with Fed. R. App. P. 26(a)(1), which states that its provisions apply in computing any period of time specified in a local rule, one must "[e]xclude the day of the act, event, or default that begins the period."  Thus, for example, when a voting deadline is seven working days in this IOP, the day that the clerk distributes the petition is excluded from the seven-day count.

Judges who are recused or disqualified from participating in an en banc case are not counted as "active" or "regular active" judges for purposes of this IOP.  For example, under paragraph 5 governing polling, recused or disqualified judges are not counted when determining whether a majority has voted to defer voting pending a conference or voted to hear or rehear a case en banc.

    1.    **Petitions for hearing en banc.**

    (a)   The clerk shall send petitions for hearing en banc to the active judges of the court promptly upon filing, allowing seven working days (fourteen working days between June 21 and September 11) for any judge to request a response.

    (b)   If no judge requests a response, the clerk will enter an order for the court denying the petition for hearing en banc.

    (c)   If a response is requested, the clerk will thereafter send the response (or a notice that none was filed) to the judges, allowing seven working days (fourteen working days between June 21 and September 11) for any judge to initiate a poll in accordance with paragraph 5 of this procedure to determine whether the appeal or other matter should be heard en banc.

(d)   If no poll is initiated, the clerk will enter an order for the court denying the petition for hearing en banc.

(e)   If a poll is initiated and the petition for hearing en banc is granted, a committee of judges selected by the chief judge, which shall normally include the judge who initiated the poll, shall within seven working days (fourteen working days between June 21 and September 11) transmit on a vote sheet to the judges who will sit en banc a draft order setting forth any questions proposed to be addressed by the court en banc.  The clerk will enter the order for the court granting the petition for hearing en banc and setting forth the schedule for additional briefing, if any, by the parties and by amici curiae, and for oral argument, and any questions the court may wish the parties and amici to address.

(f)   If a poll is initiated and the petition for hearing en banc is denied, and there are no dissenting votes or a judge votes to dissent without opinion, the clerk will enter an order for the court:

   (i)   Advising that a poll was conducted, and

   (ii)   Denying the petition for hearing en banc, noting thereon any dissenting votes that may have been directed.

If a judge indicates on an en banc poll sheet that he or she intends to file a separate opinion regarding the denial of an en banc action, then within three working days  (six working days between June 21 and September 11) after the poll deadline ends, the judge will transmit his or her opinion to the other judges.  Three working days after such transmittal, the clerk will enter an order for the court:

   (i)   Advising that a poll was conducted,

(ii)   Denying the petition for hearing en banc, and

(iii)   Attaching the opinion.

If no opinion is transmitted within three working days after the poll deadline ends, then the clerk, unless otherwise ordered by the chief judge, will enter an order for the court:

(i)   Advising that a poll was conducted,

(ii)   Denying the petition for hearing en banc, and

(iii)   Advising that an opinion will follow.

**2.   Petitions for rehearing en banc.**

(a)   Action on a petition for rehearing en banc that is part of a combined petition for panel rehearing and rehearing en banc will be deferred until the panel has acted on the petition for rehearing.   A petition for rehearing en banc that is not combined with a petition for panel rehearing will be presumed to request relief that can be granted by the panel that heard the appeal; consequently, the clerk will send the petition for rehearing en banc promptly upon filing first to the panel in accordance with IOP #12, paragraph 1(b), and action on the petition for rehearing en banc will be deferred until the panel has had the opportunity to grant the relief requested.   If the panel either takes no action or grants less than all of the relief requested, the clerk shall send both the combined petition and any response considered by the panel to the active judges of the court and to any judge who was a member of the panel that heard the appeal or other matter but is not an active judge of the court, allowing seven working days (fourteen working days between June 21 and September 11) for any of these judges to request a response to the petition for rehearing en banc.

(b)    If no judge requests a response, the clerk will enter an order for the court denying the petition for rehearing en banc.

(c)    When a response is requested and filed or the time for filing the requested response has passed without one having been filed, the clerk will send the response or a notice that none was filed to the judges, allowing seven working days (fourteen working days between June 21 and September 11) for any active or panel judge to initiate a poll in accordance with paragraph 5 of this IOP to determine whether the appeal or other matter should be reheard en banc.

(d)    If no judge initiates a poll, the clerk will enter an order for the court denying the petition for rehearing en banc.

(e)    If a poll is initiated and the petition for rehearing en banc is granted, a committee of judges appointed by the chief judge, which normally will include the judge who initiated the poll, shall within seven working days (fourteen working days between June 21 and September 11) transmit on a vote sheet to the judges who will sit en banc an order setting forth the questions proposed to be addressed by the court en banc.  The clerk will enter the order for the court granting the petition for rehearing en banc and setting forth the schedule for additional briefing by the parties and by amici curiae and for additional oral argument, if any, and any questions the court may wish the parties and amici to address.  Notice shall be given that the court en banc shall consist of all circuit judges in regular active service who are not recused or disqualified and any senior circuit judge of the court who participated in the decision of the panel and elects to sit, in accordance with the provisions of 28 U.S.C. § 46(c).

(f)    If a poll is initiated and the petition for rehearing en banc is denied, and there are no dissenting votes or a judge votes to dissent without opinion, the clerk will enter an order for the court:

(i)    Advising that a poll was conducted, and

(ii)   Denying the petition for rehearing en banc, noting thereon any dissenting votes that may have been directed.

If a judge indicates on an en banc poll sheet that he or she intends to file a separate opinion regarding the denial of an en banc action, then within three working days (six working days between June 21 and September 11) after the poll deadline ends, the judge will transmit his or her opinion to the other judges.   Three working days after such transmittal, the clerk will enter an order for the court:

(i)    Advising that a poll was conducted,

(ii)   Denying the petition for rehearing en banc, and

(iii)  Attaching the opinion.

If no opinion is transmitted within three working days after the poll deadline ends, then the clerk, unless otherwise ordered by the chief judge, will enter an order for the court:

(i)    Advising that a poll was conducted,

(ii)   Denying the petition for rehearing en banc, and

(iii)  Advising that an opinion will follow.

## 3.    Sua sponte petitions for hearing en banc.

Hearing en banc following hearing by a panel of judges, but before the entry of judgment and opinion(s) by the panel, may be ordered sua sponte.

39

(a)     During the circulation period to the court before precedential opinions are issued, any active judge may initiate a poll in accordance with paragraph 5 of this IOP. The request for a poll should ordinarily be accompanied by a memorandum of reasons supporting the petition or adopting the dissenting or concurring opinion of a judge on the panel.

(b)     During the time for polling or awaiting a conference, the panel judgment and opinion(s) shall automatically be withheld for filing.

(c)     If the sua sponte petition for hearing en banc is granted, a committee of judges appointed by the chief judge, which normally shall include the judge who initiated the poll, shall within seven working days (fourteen working days between June 21 and September 11) transmit on a vote sheet to the judges who will sit en banc an order setting forth the questions proposed to be addressed by the court en banc.  The clerk shall provide notice that a majority of the judges in regular service has acted under 28 U.S.C. § 46 and Fed. R. App. P. 35(a) to order the appeal to be heard en banc, and indicate any questions the court may wish the parties and amici to address.  Notice shall be given that the court en banc shall consist of all circuit judges in regular active service who are not recused or disqualified.  Additional briefing and oral argument will be ordered as appropriate.

**4.      Sua sponte petitions for rehearing en banc.**

Rehearing en banc following issuance of a precedential opinion may be ordered sua sponte in the absence of a petition for rehearing en banc filed by a party.

(a)   When no petition for rehearing en banc has been filed in an appeal that has been decided in a precedential opinion, within seven working days (fourteen working days between June 21 and September 11) after the time allowed by the rules for filing a petition for panel rehearing any active judge may initiate a poll in accordance with paragraph 5 of this IOP.  The request for a poll ordinarily should be accompanied by a memorandum of reasons supporting the petition or adopting the dissenting or concurring opinion of a judge on the panel.

(b)   If the sua sponte petition for rehearing en banc is granted, a committee of judges appointed by the chief judge, which normally shall include the judge who initiated the poll, shall within seven working days (fourteen working days between June 21 and September 11) transmit on a vote sheet to the judges who will sit en banc an order setting forth the questions proposed to be addressed by the court en banc.  The clerk shall provide notice that a majority of the judges in regular active service has acted under 28 U.S.C. § 46(c) and Fed. R. App. P. 35(a) to order the appeal to be heard en banc, enter an order for the court vacating the judgment and withdrawing the opinion(s) filed by the panel that heard the appeal, and indicate any questions the court may wish the parties and amici to address.  Notice shall be given that the en banc panel shall include all circuit judges in regular active service who are not recused or disqualified and any senior circuit judge of the circuit who participated in the decision of the panel and elects to sit, in accordance with the provisions of 28 U.S.C. § 46(c).  Additional briefing and oral argument will be ordered as appropriate.

(c)    If a sua sponte petition for rehearing en banc is denied, and there are no dissenting votes or a judge votes to dissent without opinion, the clerk will enter an order for the court advising that a poll of judges in regular active service whether to rehear the appeal was conducted at the request of an active judge, but failed of a majority, noting thereon any dissenting votes that may have been directed.  If a judge indicates on an en banc poll sheet that he or she intends to file a separate opinion regarding the denial of an en banc action, then within three working days (six working days between June 21 and September 11) after the poll deadline ends, the judge will transmit his or her opinion to the other judges.  Three working days after such transmittal, the clerk will enter an order for the court:

(i)     Advising that a poll was conducted,

(ii)    Denying the petition for rehearing en banc, and

(iii)   Attaching the opinion.

If no opinion is transmitted within three working days after the poll deadline ends, then the clerk, unless otherwise ordered by the chief judge, will enter an order for the court:

(i)     Advising that a poll was conducted,

(ii)    Denying the petition for rehearing en banc, and

(iii)   Advising that an opinion will follow.

**5.    Poll.**

(a)    A poll is initiated by a judge or a panel of judges requesting the chief judge to poll the active judges on a petition for hearing or rehearing en banc of a party or sua sponte.  When a poll is requested, the chief judge shall distribute an en banc ballot containing these choices:

(i)    To deny en banc review.

(ii)    To hear or rehear the appeal en banc.

(iii)   To defer voting pending a conference of the judges.

For sua sponte suggestions, the chief judge also will distribute any memoranda accompanying a judge's request for a poll.  Copies of the certificates of interest filed in the matter shall accompany the distribution if they have not previously been circulated with the en banc suggestion of a party.

If the chief judge fails to distribute the ballots within three working days (six working days between June 21 and September 11) following the request for a poll, the requesting judge may conduct the poll.

(b)    The judges will adhere strictly to the period for polling.  The polling shall end at 5:30 p.m. on the seventh working day (fourteenth working day between June 21 and September 11) following the date of distribution of the ballot, and ballots received in the office of the chief judge thereafter shall not be counted.

43

(c)    The poll results shall be tallied and announced.  When the time for balloting closes, the chief judge shall promptly tally the ballots and notify the court of the results of the poll.  If a majority either votes against en banc review or fails to vote, the poll fails and the petition, if any, is denied.  If a majority votes to hear or rehear the appeal en banc, the poll passes and the petition, if any, is granted.  If a majority votes to defer voting pending a conference of judges, the chief judge shall schedule a conference.  If less than a majority vote to hear or rehear the appeal en banc or to defer voting pending a conference, but together those votes constitute a majority, the chief judge shall schedule a conference.  A judge voting for or against en banc hearing or rehearing may indicate that the vote also shall be counted in the event a postconference poll is conducted.

(d)    A postconference poll may be conducted.  If a conference is called, and a poll is not conducted at the conference, promptly following the conference the chief judge shall distribute a ballot containing these choices:

(i)    To deny en banc review.

(ii)    To hear or rehear the appeal en banc.

If the chief judge fails to distribute the ballots within two working days (four working days between June 21 and September 11) following the conference, the requesting judge may conduct the poll.

(e)    The judges will adhere strictly to the period for postconference polling.  The postconference polling shall end at 5:30 p.m. on the second working day (fourth working day between June 21 and September 11) following the date of distribution of the ballot, and ballots received in the office of the chief judge thereafter shall not be counted.

(f)    The postconference poll results shall be tallied and announced.  When the time for balloting closes, the chief judge shall promptly tally the ballots (including those votes to be carried over from the preconference poll) and notify the court of the results of the post-conference poll.  If a majority votes to hear or rehear the appeal en banc, the postconference poll passes and the petition, if any, is granted; otherwise, the poll fails and the petition, if any, is denied.

(g)    Multiple polls will not be taken.  The initiation of a poll by a judge or judges terminates the period for requesting a poll.  Thereafter, other judges may circulate memoranda supporting or opposing en banc hearing or rehearing during the balloting period.

(h)    If a conference or postconference poll is conducted, and the petition is denied, and there are no dissenting votes or a judge votes to dissent without opinion, the clerk will enter an order for the court:

(i)    Advising that a poll was conducted, and

(ii)    Denying the petition, noting thereon any dissenting votes that may have been directed.

If a judge indicates on a ballot that he or she intends to file a separate opinion regarding the denial of an en banc action, then within three working days (six working days between June 21 and September 11) after the poll deadline ends, or after the court votes to deny the petition, whichever is later, the judge will transmit his or her opinion to the other judges.  Three working days after such transmittal, the clerk will enter an order for the court:

    (i)    Advising that a poll was conducted,

    (ii)   Denying the petition, and

    (iii)  Attaching the opinion.

If no opinion is transmitted within three working days (six working days between June 21 and September 11) after the poll deadline ends, or the court denies the petition, the clerk, unless otherwise ordered by the chief judge, will enter an order for the court:

    (i)    Advising that a poll was conducted,

    (ii)   Denying the petition, and

    (iii)  Advising that an opinion will follow.

**6.    Extension of three working days (six working days between June 21 and September 11) upon request.**

A judge entitled to request or to participate in an en banc or dissolution poll may extend any time set forth in this procedure by three working days (six working days between June 21 and September 11) upon sending a notice to the chief judge received before 5:30 p.m. on the final day for action, with copies to other participating judges.  The notice extends that time for all judges.  Only one such extension is permitted for any period of action.

**7.    Petitions to hear or rehear motions or other non-merits matters en banc.**

A petition that a motion or other matter not involving the merits of the case should be determined by the court en banc will not be circulated to the judges in regular active service until the underlying motion or matter has been acted upon by a motions or merits panel, as appropriate, but if the panel grants the entire relief requested, the petition shall be deemed moot.

**8.    Sua sponte petitions for dissolution of en banc status.**

(a)    Dissolution of en banc status may be ordered any time before filing or entry of a judgment and opinion(s) by the en banc court or, in the case of a remand by the Supreme Court to the en banc court, any time before filing or entry of a judgment and opinion(s) after remand.

(b)   Any active judge who voted to grant a petition for hearing or rehearing en banc may initiate a dissolution poll by transmitting a request for dissolution of the en banc poll to the chief judge.  The request for a dissolution poll should ordinarily be accompanied by a memorandum of reasons supporting the petition for dissolution of en banc status.

(c)    After a judge has initiated a dissolution poll, the en banc judgment and opinion(s) will automatically be withheld for filing or entry until the petition for dissolution of en banc status is granted or denied.

(d)    When a poll is requested, the chief judge will distribute to all of the judges in regular active service a dissolution poll ballot containing these choices:

    (i)    To retain en banc status;

    (ii)   To dissolve the en banc court and refer the case to a panel; or

    (iii)  To defer voting pending a conference of judges.

If the chief judge fails to distribute the ballots within three working days (six working days between June 21 and September 11) following the request for a poll, the requesting judge may conduct the poll.  Any judge may circulate memoranda supporting or opposing dissolution during the balloting period.

IOP #14

(e)    The polling period ends at 5:30 p.m. on the seventh working day (fourteenth working day between June 21 and September 11) following the date of distribution of the ballot, and ballots received in the office of the chief judge after that time will not be counted.

(f)    When the time for balloting closes, the chief judge will promptly tally the ballots and notify the court of the results of the poll.  If a majority either votes against dissolution or fails to vote, the poll fails and the petition is denied.  If a majority votes to dissolve, the poll passes and the petition for dissolution of en banc status is granted.  If a majority votes to defer voting pending a conference of judges, the chief judge will promptly schedule a conference.  If  less than a majority vote to dissolve and less than a majority vote to defer voting pending a conference, but the votes to dissolve and to defer voting together constitute a majority of votes, the chief judge will schedule a conference.

(g)    If a conference is called, and the court does not vote at the conference on the petition, promptly following the conference the chief judge will conduct a postconference poll.  The chief judge will distribute a ballot containing these choices:

(i)    To retain en banc status; or

(ii)    To dissolve the en banc court and to refer the case to a panel.

If the chief judge fails to distribute the ballots within two working days (four working days between June 21 and September 11) following the conference, the requesting judge may request the poll.

48

(h)    A postconference polling period ends at 5:30 p.m. on the second working day (fourth working day between June 21 and September 11) following the date of distribution of the ballot, and ballots received in the office of the chief judge after that time will not be counted.

(i)    When the time for balloting closes, the chief judge will promptly tally the ballots and notify the court of the results of any postconference poll.  If a majority votes to dissolve the en banc court, the postconference poll passes and the petition for dissolution of en banc status is granted; otherwise the poll fails and the petition is denied.

(j)    Multiple polls may not be requested or taken.  The initiation of a dissolution poll by a judge terminates the period for requesting a poll.

(k)    If the sua sponte petition for dissolution of en banc status is granted, the chief judge will distribute to all of the judges in regular active service a vote sheet containing these choices:

>    (i)    To refer the case to the panel that was initially assigned to the case, if any (or if the original panel cannot be reconstituted, to the remaining judge or judges of that panel and one or two newly selected judges); or

>    (ii)    To refer the case to a newly selected three-judge panel.

The voting period will end at 5:30 p.m. on the third working day (sixth working day between June 21 and September 11) following the distribution of the vote sheet, and votes received in the office of the chief judge after that time will not be counted.  A majority of votes received will determine the issue.

49

(l)     After these procedures are completed and if the en banc court has determined to dissolve its en banc status, the chief judge will direct the clerk to issue an order giving notice thereof.

**9.     Recusal.**

A judge wishing to recuse shall upon receiving a petition for hearing or rehearing en banc or upon receiving a ballot for a sua sponte en banc poll or a dissolution poll promptly notify the court of his or her recusal.